Mohinder SINGH SHERGILL, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70093.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

---

4. *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000).

5. *See id.* at 1195–96.

6. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003).

7. *Li,* 356 F.3d at 1157.

8. 350 F.3d 845 (9th Cir.2003).

9. *See Singh,* 63 F.3d at 1506.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, OIL, Carol Federighi, Terri J. Scadron, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

MEMORANDUM **

Mohinder Singh Shergill, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, ·Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003), and claims of due process violations de novo, Hartooni v. INS, 21 F.3d 336, 339 (9th Cir.1994). We grant the petition for review in part, and deny it in part.

█ Substantial evidence does not support the IJ's adverse credibility finding because she did not identify inconsistencies that went to the heart of Shergill's asylum claim, see Singh v. Ashcroft, 301 F.3d 1109, 1111–12 (9th Cir.2002) (recognizing that "inconsistent" means that two events are "contradictory" or "incompatible"), and did not give Shergill the opportunity to explain the alleged inconsistencies, see Guo v. Ashcroft, 361 F.3d 1194, 1200 (9th Cir.2004). Shergill testified that Indian police arrested him once for giving money to terrorists, and that on another occasion Indian police posed as terrorists, extorted money from Shergill, then accused him of helping terrorists. Because Shergill testified that both events occurred, the record does not support the IJ's conclusion that Shergill testified inconsistently about whether Indian police arrested him for helping terrorists. See Singh, 301 F.3d at 1111–12.

Furthermore, the IJ concluded that Shergill's testimony lacked detail. Shergill however, testified in detail about his arrest, including that police detained him

for four days, beat him "mercilessly," and hung him upside down. Therefore, substantial evidence does not support this finding. *See Akinmade v. INS,* 196 F.3d 951, 957 (9th Cir.1999) (holding that lack of detail is not a valid basis for an adverse credibility finding where the applicant was not asked to provide further detail).

In addition, contrary to the IJ's conclusion, Shergill was not required to submit corroborating evidence to support his asylum claim because the IJ had no valid reason to question his credibility. *See Ladha v. INS,* 215 F.3d 889, 901 (9th Cir. 2000).

■ Shergill also demonstrated that he was persecuted on account of an imputed political opinion. *See Sangha v. INS,* 103 F.3d 1482, 1490–91 (9th Cir.1997). The record demonstrates police believed that Shergill was associated with a militant, anti-government group. *See Ratnam v. INS,* 154 F.3d 990, 995–96 (9th Cir.1998). Because the record supports the conclusion that Shergill suffered past persecution on account of an imputed political opinion, he is entitled to the presumption that he has a well-founded fear of future persecution. *See Guo,* 361 F.3d at 1204. Accordingly, we remand to the BIA for a determination whether the government can rebut the presumption that Shergill has an objectively well-founded fear of persecution. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Shergill did not satisfy the more stringent standard for withholding of removal because he did not demonstrate a clear probability of persecution. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Shergill failed to demonstrate that it was more likely than not that we would be tortured if he returned to India, the IJ properly denied Shergill's claim under the Convention. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Contrary to Shergill's contention, the BIA's failure to articulate reasons for its decision does not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Each party shall bear its own costs on appeal.

**PETITION FOR REVIEW GRANTED in part, DENIED in part, and REMANDED.**

KOZINSKI, Circuit Judge, dissenting.

Because I conclude that substantial evidence supports the IJ's adverse credibility finding, I dissent.